George W. **FLICK**, Plaintiff and Respondent,

v.

.Glen **VAN TASSELL**, and Van's Service, Inc., a Utah Corporation, Defendants and Appellants.

No. 14154.

Supreme Court of Utah.

March 5, 1976.

Craig S. Cook and Michael R. Carlston, of Worsley, Snow & Christensen, Salt Lake City, for defendants and appellants.

Joseph L. Henriod and Bruce Findlay, of Nielsen, Conder, Henriod & Gottfredson, Salt Lake City, for plaintiff and respondent.

HENRIOD, Chief Justice:

Appeal from a judgment for monies advanced and unaccounted for on request. Affirmed with costs to Flick.

This case really involves a question as to whether the appeal timely was perfected, depending on dates having to do with 1) the judgment, or 2) the order denying a motion to vacate. The differential is unimportant in view of our decision and the circumstances of this case.

During the proceedings in the trial court, Van Tassell employed a lawyer who made appearances for him, and who, in the middle of the case, moved to withdraw.

He hired another lawyer at the behest of his former counsel, which new lawyer filed a petition for substitution. In the process, and because of Van Tassell's or his counsel's failure to make appearances or to respond to discovery process interdictions, and, after a lot of protraction, the district judge finally entered a default judgment for failure to appear and/or to prosecute the matter. The court subsequently denied Van Tassell's motion to vacate the judgment which he based on an excusable neglect ground. Nonetheless, Van Tassell's then counsel (whom later he denounced), filed a notice of appeal, recorded on the docket of this Court on *June 20, 1975*. His counsel then obtained permission from the Court to file the record by *August 29, 1975,*—two months—presumably because of technical matters incident to its preparation in the lower court. He then was given until *October 10, 1975* to file his brief on appeal, and then Flick was given until *November 19, 1975,* to answer,—which he did on that date. Nothing happened thereafter for two months, when on *January 19, 1976,* Van Tassell's counsel withdrew, to be replaced by his present counsel, who on *February 6, 1976,* moved for permission to file a "Supplementary Reply Brief" by *February 10, 1976.* This request was granted with consent of counsel for both sides, and the brief was filed on *February 13, 1976.* The case, having been at issue long before, and then being on the calendar for argument and/or disposition was *argued on February 19, 1976,*—and here it is.

The so-called "Supplementary Reply Brief," with photo affidavits, proved to be in the nature of a request for a new trial or some other relief, based principally on Van Tassell's affidavit, in which he, the loser, questioned the honesty and integrity of the lawyers he, not we, nor his opponent hired. Those charges are the only bases for asking for the invocation of what counsel for Van Tassell says are this Court's inherent and duty-bound equitable obligations so as properly to administer justice.

The answers to all this are multifold: 1) We do not examine things dehors the record, unless on some rare occasion, an obvious injustice will ensue arising out of misunderstanding or fraud, reflecting unconscionability; which is not the case here; and to conclude otherwise would require us to believe and accept anything which a losing litigant might subscribe to without benefit of reply or cross-examination; 2) that it would be possible, after months or years, a litigant, on appeal could denounce his chosen counsel by affidavit and by such self-serving pronouncement procure himself a new trial; 3) that members of the Bar presumably are honest and competent, which presumption is not destroyed simply by oath of another, without an evidentiary hearing; 4) that if what appellant urges is true, the Bar Association might be interested,—but we would be presumptuous to initiate such an inquiry based on a unilateral, obviously self-serving affidavit as appears in the record of this case.

Looking at all the facts and protestations made in this case, we are constrained, perhaps, to sympathize with and recognize the earnest arguments of counsel for appellant, but more importantly, to adhere to established principles of appellate review of the record and not something outside of it, reflected in the numerous decisions, of this Court, and to affirm the trial court if the record reflects substance out of which the trial court's decision was fashioned.

TUCKETT, J., concurs.

ELLETT, J., concurs in·the result.

CROCKETT, J., concurs in the result of affirming the judgment.

MAUGHAN, J., dissents.